## WILLIAM G. TAYLOR, Exr.

### *v.*

## THE CITY OF BLOOMINGTON.

*Opinion filed October 19, 1900.*

1. SPECIAL ASSESSMENTS—*requirement of petition representing one-half the frontage is positive.*   The requirement of section 4 of the Local Improvement act, (Laws of 1899, p. 95,) that special assessment ordinances in cities of less than 50,000 shall be based on petitions signed by the owners of one-half the frontage, is positive, and can not be evaded by measuring the property represented in the petition in an irregular line adopted to increase the lineal feet represented, and thus cut off the rights of a single owner holding more than one-half the natural frontage.

2. SAME—*ordinance must be followed in making improvement.*   An ordinance for opening a street fifty feet wide, the north and south lines to be parallel with each other, does not authorize opening a street having its south line straight and its north line irregular, and varying from fifty to sixty feet in its distance from the south line, even though the discrepancy is caused by the city's taking some entire lots instead of merely enough to open a fifty foot street.

APPEAL from the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

OWEN T. REEVES, for appellant.

WILLIAM R. BACH, (SIGMUND LIVINGSTON, of counsel,) for appellee.

186—32

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the county court of McLean county confirming a special assessment against appellant's property for opening a street in the city of Bloomington. One of the objections filed below was because the city of Bloomington has a population of less than fifty thousand, and the owners of one-half of the property abutting on the line of the proposed opening of the street did not petition the city council for the opening of the same; that no such petition as the statute requires was signed and presented to the city council before the passage of the ordinance under which said special assessment or special tax is sought to be levied.

The first section of the ordinance under which the proceeding was had is as follows:

"Section 1. *Be it ordained by the city council of the city of Bloomington:* That Bissell street, in the city of Bloomington, between Main street and Koch avenue, shall be opened and extended on lines coterminous with the north and south lines of Bissell street east of Main and parallel with each other from the west line of Main street to the east line of Koch avenue."

The second section provides, referring to the first section: "And to that end the following described lots, tracts and parcels of land are hereby condemned for use as a public street by the city of Bloomington, to-wit:" (then follows the description of lots and parts of lots.)

Main street runs north and south, and Koch avenue extends from the north in a south-westerly direction and lies west of Main street. Bissell street east of Main is fifty feet in width. The north line of appellant's property is the south line of the proposed street, and extends from Main street to Koch avenue,—a distance of not less than 796.6 feet. By reason of Koch avenue running south-west, considering the street fifty feet in width, as provided by the ordinance, the north line of the pro-

posed street from Main to the avenue would be twelve
feet shorter than the south line.   Between Main street
and the avenue is Madison street, extending north and
south, fifty feet in width, and terminating on the south
at the north line of appellant's property.

The proof shows, without contradiction, that no con-
sent was given by appellant or any one else for any of
the lands abutting on the street on the south, and all
that is claimed by the city is that the owners of property
abutting on the north petitioned the city council for the
adoption of the ordinance locating the street.

It is conceded that if the street is laid out fifty feet in
width, and the north line parallel with the south line, a
petition signed by all the owners abutting on the north
line would not represent "one-half of the property abut-
ting on the line of the proposed improvement," because,
even leaving out of question the fifty feet occupied by
Madison street on the north, the frontage abutting on the
north line is less than that abutting on the south line by
at least twelve feet.   It seems, however, that the city
undertook to open and extend the street, not on lines co-
terminous with the north and south lines of Bissell street
east of Main and parallel with each other from the west
line of Main street to the east line of Koch avenue, as
provided by the ordinance, but by locating the north
line as follows:  Beginning at Main street, four and one-
half feet north of a line coterminous with Bissell street
east of Main; thence west two hundred and thirty-four
feet; thence south four and one-half feet; thence west
one hundred and forty-eight feet; thence north nine feet;
thence west one hundred and twenty feet to Madison
street; and thence from a point two feet farther north,
on the west side of Madison street, to the avenue,—thus
making the first two-hundred and thirty-four feet of the
street fifty-four and a half feet wide; the next one hun-
dred and forty-eight feet fifty feet wide; the next one
hundred and twenty feet fifty-nine feet wide, and from

Madison street to the avenue sixty-one feet wide; and the attempt is to make the line of abutting property on the north equal to or in excess of that on the south by counting the whole number of feet in the irregular line thus made. The following plat will illustrate more clearly than can be done by words the manner in which it is proposed to open the street:

The statute, as amended by an act of 1899, provides: "But in cities, towns or villages having a population of less than fifty thousand, ascertained as aforesaid, no or-

dinance for making any local improvement to be paid by special assessment or by special taxation of contiguous property shall be adopted unless the owners of one-half of the property abutting on the line of the proposed improvement shall petition for the same." (Laws of 1899, p. 95.) This language is plain and positive. By no refinement of reasoning can it be said that the statute means the owners of one-half of the property along the street determined by an irregular line, as here made. No one, it seems to us, could for a moment so understand it, and clearly such was not the intention of the legislature. Counsel for the city in effect concede this to be true. They say that appellant is relying on the jog or angle at the intersection of Koch avenue to give him the majority of frontage and at the same time he denies the right of the city to rely on the jogs in Bissell street to overcome the force and effect of the jog at the avenue; and they further say that the jogs in the north line of Bissell street resulted from economical considerations,—that is, that the city could obtain the whole of lots over which the street would pass as cheaply as it could fifty feet of them, and "the city in such case must pay for the whole lot, and if it must, it ought to have the whole lot. The condemnation of those whole lots of irregular widths was never thought of in the light of furnishing an additional frontage, until appellant claimed the majority of frontage on his side by reason of the jog or angle in Koch avenue." This is a frank admission, but we are unable to consent that the plan adopted, whatever may have been the motive for it or when it was first thought of, can be availed of for the purpose insisted upon.

In addition to what we have said as to the construction of the language of the statute, "abutting on the line of the proposed improvement," this ordinance does not authorize the city council to lay out a street in the manner proposed. Section 1, in compliance with the requirement of the statute, describes the nature, character and

location of the improvement, and authorizes a street fifty. feet in width from Main street to Koch avenue, and not a street part of which shall be fifty-four, another part fifty, another fifty-nine, and still another sixty-one feet in width.

We think it idle to say that section 2, which simply describes the property to be condemned for the street, in any way affects the description of the improvement as stated in section 1. The petition signed by abutting property owners did not ask for a zigzag line of the street, as is here attempted to be made. The effort to excuse the laying out of a street in this unusual manner seems to us to be wholly unwarranted. Suppose the city could get the whole of the lots as cheaply as it could get the fifty feet, and that it was justifiable, from a financial point of view, in doing so; could it be said to follow that it had a right, therefore, to violate the provisions of the ordinance and use the whole of the lots for a street when the ordinance provided for a street but fifty feet in width? The ultimate position of appellee is, and must be when every view of the case is considered, that although it failed to have a petition signed by the owners of one-half of the property abutting on the line of the proposed improvement, still, inasmuch as that failure resulted from the diagonal direction of Koch avenue, and inasmuch as the difference amounts to only some twelve feet, that therefore this court, by liberal construction, may legalize that which the statute says shall be illegal. It may be that in this particular case a single property holder is able to defeat a needed or desirable improvement; but we know of no principle upon which this court can take away from him a statutory right any more than it could take it away from several owners of a majority of property abutting on an improvement. If the enforcement of this statute shall operate harshly in given cases, the relief must come from the legislature, and not from the courts.

Without considering other grounds of reversal urged, the judgment of the county court must be reversed for refusing to sustain the objection that the owners of one-half of the property abutting on the line of the proposed improvement did not petition for the same.

*Judgment reversed.*